STATE OF TEXAS                                                    COUNTY OF WALKER

CAUSE NO. 13-14-00157-CR
TEXAS COURT OF APPEALS
THIRTEENTH SUPREME JUDICIAL DISTRICT
AT EDINBURG, TEXAS

RANDALL BOLIVAR,                       §   *          *   *              *
    Appellant                          §   No more than an affidavit is necessary
                                       §   to make a prima facie case. See U.S. v.
vs.                                    §   POWELL, 379 U.S. 48, 57-58 (1965) OF APPEALS
                                       §   *          * IN THE 13TH COURT OF APPEALS
                                       §                    EDINBURG *
THE STATE OF TEXAS,                    §
    Appellee                           §                  NOV 1 0 2015

                                                     DORIAN E. RAMIREZ, CLERK
APPELLANT'S AFFIDAVIT BY UNSWORN DECLARATION PURSUANT TO 28 USC § 1746(1)
                                                     BY_____

PERTAINING TO AN INACCURATE AND INCOMPLETE REPORTER'S RECORD ON APPEAL

---

I, Randall Bolivar, presently incarcerated in the TDCJ-CID, O.B. Ellis Unit,
located in the County of Walker, the State of Texas, declare under penalty of
perjury pursuant to 28 USC § 1746(1) that all statements made herewith are true,
correct and complete according to Declarant's own belief's and knowledge.

Since April 2015 I have been personally reviewing the Reporter's Record provided
to me by Ms. Pam Esquivel, Official Court Reporter for the 107TH District Court.
My review of the Reporter's Record compared with the portions of the Clerk's Record
provided, and my own personal knowledge of facts, have found the Reporter's Record
on appeal, filed in the THIRTEENTH COURT OF APPEALS and provided to Appellant/
Declarant, to be both INACCURATE AND INCOMPLETE. Below is a nonexhaustive list of
the inaccuracies which I have been able to positively identify/locate:

PROOF OF CLAIM 1: Vol. 2 p. 3;  The Reporter did not include that attorney Alfredo
Padilla actually stated, "Defense is ready. What's the state's announcement, Your
Honor?" The Reporter's Record is devoid of the first portion, "Defense is ready."
This critical statement will deprive Appellant the ability to raise a proper claim
pursuant to Article 32.01, TCCP, and a constitutional Speedy Trial claim.

PROOF OF CLAIM 2: The Court's Docket Sheet shows entries for September 24, 2009
for a "CHAMBERS CONFERENCE" where a "joint mtn for continuance" was presented
without the knowledge or consent of Appellant. This will affect Appellant ability
to prosecute his Art. 32.01 and Speedy Trial claims.

PROOF OF CLAIM 3: The Court's Docket Sheet shows an entry for January 14, 2010
for a "CHAMBERS CONFERENCE" wherein "Robert Garza substituting in for court appt
atty Alfredo Padilla, who is released from his appt." without the knowledge or
consent of Appellant. Affecting his ability to prosecute his claims of constructive
denial of counsel and ineffective assistance of counsel.

PROOF OF CLAIM 4: Vol. 3 p. 3; Attorney Robert Garza states: "... We had a motions
hearing this morning for pretrial, and I understand my client was not brought from
the -- he's in Willacy County jail. They put him over there, and he's not here. And
since the last time we appeared for arraignment, he was also not brought over. This
is the second time that he has not been brought over, Judge, and I need him..."
Robert Garza is advising the Court of a previous hearing wherein Applient was not

Page 1 of 3

brought to court. This is the "CHAMBERS CONFERENCE" referenced in PROOF OF CLAIM 3. The record will show that motions were heard and ruled upon without the knowledge or consent of Appellant.

PROOF OF CLAIM 5: The Court's Docket Sheet shows an entry on April 7. 2010 for a "T.C. w/ROBERT GARZA AND OSCAR GUZMAN" which is shorthand for telephone conference.

PROOF OF CLAIM 6: Vol. 7 p.1; Judge Pate did not preside over this hearing, as he was not yet assigned to this case.

PROOF OF CLAIM 7: Vol. 8 p.6; MOTION TO HAVE OFFICIAL COURT REPORTER MAKE A FULL RECORD IS GRANTED BY TRIAL COURT.

PROOF OF CLAIM 8: Vol. 12 p. 1; Judge Pate did not preside over this hearing.

PROOF OF CLAIM 9: Vol. 19 pg. 15-16; Attorney Phillip Cowen states: "So there are some problems with the record up to this point..." and "I don't have it in the record." These statements were references to the missing transcriptions of hearings held, which precluded Mr. Cowen from raising the Speedy Trial claims on appeal.

PROOF OF CLAIM 10: Vol. 21 p. 63; Ex parte or Chambers conference which was not recorded or transcribed.

PROOF OF CLAIM 11: Vol. 22 p.7; Judge Pate states: "... the most important person in the courtroom. that's Pam Esquivel. She's on my left, to your right. She's the court reporter. Her job is to take down all the words that are said in court here today." That would include bench conferences and the like.

PROOF OF CLAIM 12: Vol. 22 pg. 64-65; There is an entry of "(Off the record discussion at the bench)" which was not transcibed.

PROOF OF CLAIM 13: Vol. 23 p. 15; During direct examination of State Witness Rolando Garza, the prosecutor asks if the witness sees the same person who was with him on the night of the alleged crime. Witness responds: "A. He's over there. He's wearing the gray suit (pointing). Q. In the middle? A. Yes, sir, in the middle between Rebecca RuBane and the other attorney. MR. YZAGUIRRE: We'll object to the identification. Mr. Gilman basically led him into pointing out the person. THE COURT: Overrruled. The Court takes notice he identified the defendant before. MR. YZAGUIRRE: Just for the record, Your Honor, there's two people sitting at this table wearing suits." The Reporter failed to include that Mr. Yzaguirre actually said "two people sitting at this table wearing **gray** suits." Both Mr. Yzaguirre and Appellant were wearing gray suits and sitting side-by-side. Additionally, Mr. Cordova was also seated at the same table making three people wearing suits, and that is why Mr. Yzaguirre stressed the two gray suits issue.

PROOF OF CLAIM 14: Vol. 24 p. 9; "(Spanish spoken)"

PROOF OF CLAIM 15: Vol. 24 p. 17; "(Spanish Spoken)"

PROOF OF CLAIM 16: Vol. 24 p. 19; "(Spanish Spoken)"

PROOF OF CLAIM 17: Vol. 24 p. 51; "(Spanish Spoken)"

PROOF OF CLAIM 18: Vol. 24 p. 59; "(Spanish Spoken)"

PROOF OF CLAIM 19: Vol. 24 p. 78; "(Spanish Spoken)"

PROOF OF CLAIM 20: Vol. 24 p. 79; "(Spanish Spoken)"

PROOF OF CLAIM 21: Vol. 24 p. 87; Reporter transcribed "Alibran's house," when it should be "Malibran's house."

PROOF OF CLAIM 22: Vol. 24 p. 95; Reporter failed or refused to transcribe the bench conference, and instead entered "(Off the record discussion at the bench)".

PROOF OF CLAIM 23: Vol. 24 p. 99; Ms. Rubane notified the Court: "Just that Judge Euresti before he recused himself had ordered all the witness statements transcribed."

The transcribing was to be done by the State. Since the witnesses were called to testify, the Defense was entitled to a copy which was also designated for the record by Appellant with the District Clerk.

PROOF OF CLAIM 24: Vol. 24 pg. 170-171; Argument by counsel regarding untranscribed statements of Eric Herrera and Stephanie Lee Lopez, as well as phone calls between the same.

PROOF OF CLAIM 25: Vol. 24 p.187; "(Off the record discussion at the bench)"

PROOF OF CLAIM 26: Vol. 24 p.245; "(Off the record discussion at the bench)"

PROOF OF CLAIM 27: Vol. 24 p.292; "(Off the record discussion at the bench)"

PROOF OF CLAIM 28: Vol. 24 p.353; "(Off the record discussion at the bench)"

PROOF OF CLAIM 29: Vol. 25 pg. 108-109; "THE COURT: On the record, the jury has left the courtroom. We'll be off the record here for a minute so we can discuss the charge.

(Discussion off the record)

THE COURT: Let's get this on the record..." During the off the record discussion, Mr. Yzaguirre litigated a great deal of the time presenting the defense's position on law of parties. He presented case law and statutes which were binding and mandatory. The State offered almost no dispute or rebuttal.

PROOF OF CLAIM 30: Vol. 25 p.129; "(Off the record discussion at the bench)" This was in relation to acts of prosecutorial misconduct in which the State argued facts not in evidence. Counsel moved for a mistrial which was denied by the court, and this matter is needed for appellate review by both the parties and the Court.

PROOF OF CLAIM 31: Vol. 25 p.131; Reporter fails or refuses to include the prefix "dis" in Mr. Yzaguirre's statement to the court. "MR. YZAGUIRRE: That's ingenuous. They know their own evidence or they don't." Mr. Yzaguirre actually said, "That's disingenuous." To claim otherwise is without logic.

PROOF OF CLAIM 32: Throughout the trial, the State regulary requested that their witnesses make drawing a chalkboard which was regularly erased and new drawings made by witnesses. Appellant has no record to cite or direct the court to on these matters.

PROOF OF CALIM 33: A large ariel map was used by the State for the jury to view as witnesses pointed out streets and directions of travel. The transcription of witness statements give multiple phrases such as "this way", "that way", "left", "right", etc. which Appellant can not utilize without the map to show contradicting statements of witnesses.

As stated above, inaccuracies include, but are not limited to, those outlined above. Additionally, I have found the Reporter's Record is incomplete due to the missing bench conferences, chamber's conferences, ex parte matters, and telephone conferences which were required to be recorded.

FURTHER AFFIANT SAYETH NAUGHT.

Executed on October 30, 2015.

Randall Bolivar, Affiant
Ellis Unit, TDCJ # 1719379
1697 FM 980
Huntsville, Texas 77343

FILED
IN THE 13TH COURT OF APPEALS
EDINBURG

NOV 10 2015

DORIAN E. RAMIREZ, CLERK
BY___October 30, 2015___

Randall Bolivar # 1719379
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

*VIA CERTIFIED MAIL: 7014 3490 0002 1691 1670*

Thirteenth Court of Appeals
100 E. Cano St., 5TH Floor
Edinburg, Texas 78539

RE: Cause No. 13-14-00157-CR; RANDALL BOLIVAR V. THE STATE OF TEXAS

Dear Clerk of the Court,

Enclosed for filing with the Court in accordance with your normal procedures

please find the following:

1. APPELLANT'S AFFIDAVIT BY UNSWORN DECLARATION PURSUANT TO 28 USC § 1746(1) PERTAINING TO AN INACCURATE AND INCOMPLETE REPORTER'S RECORD ON APPEAL;

2. GOOD FAITH NOTICE OF INACCURATE AND INCOMPELETE REPORTER'S RECORD;

3. 2ND DEMAND FOR STRICT ADHERENCE TO TRAP RULE 38.8(b) WITHIN FIFTEEN DAYS;

4. APPELLANT'S MOTION FOR ABATEMENT AND REMAND TO TRIAL COURT FOR RESOLUTION OF DISPUTE OVER ACCURACY AND COMPLETENESS OF REPORTER'S RECORD ON APPEAL PURSUANT TO WHITEHEAD V. STATE, 130 S.W.3d 866 (Tex. Crim. App. 2004);

5. NOTICE OF OBJECTION TO APPELLATE COURT CLERK'S LETTER REQUESTING APPELLEE "FILE A RESPONSE TO THE APPELLANT'S MOTION FOR COMPLETE APPELLATE RECORD";

6. MOTION FOR ORDER DIRECTING COUNSEL TO PROVIDE APPELLANT WITH THE COMPLETE CASE FILE PURSUANT TO STATE BAR RULES AND MAXWELL V. FLORIDA, 107 S.CT. 474 (1986); and

7. DEMAND FOR EXPRESS RULINGS ON ALL PREVIOUSLY FILED MOTIONS WITH DESIGNATION FOR PUBLISHING.

Thank you for your time and efforts on this matter. God Bless You!

Respectfully Submitted,

Randall Bolivar, Appellant Pro Se

cc:
Cameron County DA's Office
File